FILED IN
COURT OF CRIMINAL APPEALS

AUGUST 7, 2015

ABEL ACOSTA, CLERK

PD-1011-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/5/2015 3:04:12 PM
Accepted 8/7/2015 10:53:51 AM
ABEL ACOSTA
CLERK

No. 01-14-00112-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

MICHAEL D. HOWARD
A/K/A MICHAEL DAVID HOWARD,                                    Appellant

v.

THE STATE OF TEXAS,                                           Appellee

Appeal from Tom Green County

\* \* \* \* \*

STATE'S PETITION FOR DISCRETIONARY REVIEW

\* \* \* \* \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney
Bar I.D. No. 24031632

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

\* The parties to the trial court's judgment are the State of Texas and Appellant, Michael D. Howard a/k/a Michael David Howard

\* The trial judge was the Hon. Tom Gossett, 391st Judicial District.

\* Counsel for the State at trial and before the Court of Appeals was Meagan White, Assistant District Attorney, Tom Green County, 123 West Beauregard, San Angelo, Texas 76903.

\* Counsel for the State before the Court of Criminal Appeals is Stacey M. Goldstein, Assistant State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711.

\* Counsel for Appellant at trial was Evan Pierce-Jones, 125 South Washington Street, San Angelo, Texas 76901.

\* Counsel for Appellant before the Court of Appeals was John E. Sutton, P.O. Box 871, San Angelo, Texas 76902.

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . 2

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

1. **Is a warrantless, mandatory blood draw conducted pursuant to TEX. TRANS. CODE § 724.012(b)(3)(B)—the repeat offender provision—reasonable under the Fourth Amendment?**

2. **Do the federal and state (TEX. CODE CRIM. PROC. art. 38.23) exclusionary rules require suppression when, at the time of the search, the warrantless blood draw was authorized by TEX. TRANS. CODE § 724.012(b)(3)(B) and binding caselaw?**

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

APPENDIX (Opinion of the Court of Appeals)

# INDEX OF AUTHORITIES

**Cases**

*Cole v. State*, PD-0077-15 (granted Apr. 22, 2015).. . . . . . . . . . . . . . . . . . . . 3 n.1, 4

*Douds v. State*, PD-0857-14 (granted Sept. 17, 2014; argued and submitted Mar. 18, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Holidy v. State*, No. PD-0622-14 (granted Aug. 20, 2014; argued and submitted Jan. 14, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Howard v. State*, No. 01-14-00112-CR, 2015 Tex. App. LEXIS 7635 (Tex. App.—Houston [1st] July 23, 2015) (not designated for publication). . . . . . . . . 2-3

*Missouri v. McNeely*, 133 S. Ct. 1552 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Reeder v. State*, No. PD-0601-14 (granted Aug. 20, 2014; argued and submitted Jan. 15, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*State v. Villarreal*, PD-0306-14, 2014 Tex. Crim. App. 1898 (Tex. Crim. App. Nov. 26, 2014) (reh'g granted Feb. 25, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Weems v. State*, No. PD-0635-14 (granted Aug. 20, 2014; argued and submitted Nov. 17, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 n.1

**Statute**s

TEX. CODE CRIM. PROC. art. 38.23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. TRANS. CODE § 724.012(b)(3)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

No. 01-14-00112-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

MICHAEL D. HOWARD
A/K/A MICHAEL DAVID HOWARD,                                    Appellant

v.

THE STATE OF TEXAS,                                           Appellee

Appeal from Tom Green County

* * * * *

**STATE'S PETITION FOR DISCRETIONARY REVIEW**

* * * * *

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State Prosecuting Attorney respectfully urges this Court to grant review.

**STATEMENT REGARDING ORAL ARGUMENT**

The State does not request oral argument.

**STATEMENT OF THE CASE**

The trial court denied Appellant's suppression motion that challenged the warrantless draw of his blood under TEX. TRANS. CODE § 724.012(b)(3)(B)—the

1

repeat offender provision—based on the Supreme Court's then-recent decision in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). 1 CR 82-86, 97-102, 105-07. A jury later found him guilty of felony DWI and sentenced him to sixteen years' imprisonment. 1 CR 147-49.

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals reversed the denial of Appellant's motion to suppress and, after concluding that the denial was harmful, reversed the trial court's judgment. *Howard v. State*, No. 01-14-00112-CR, 2015 Tex. App. LEXIS 7635 (Tex. App.—Houston [1st] July 23, 2015) (not designated for publication). The State did not seek rehearing.

## GROUNDS FOR REVIEW

1. **Is a warrantless, mandatory blood draw conducted pursuant to TEX. TRANS. CODE § 724.012(b)(3)(B)—the repeat offender provision— reasonable under the Fourth Amendment?**

2. **Do the federal and state (TEX. CODE CRIM. PROC. art. 38.23) exclusionary rules require suppression when, at the time of the search, the warrantless blood draw was authorized by TEX. TRANS. CODE § 724.012(b)(3)(B) and binding caselaw?**

2

# ARGUMENT

Concluding that the blood draw was unreasonable, the court of appeals reversed the trial court's denial of Appellant's suppression motion. *Howard*, 2015 Tex. App. LEXIS 7635, at *1, 12. It held that Section 724.012(b)(3)(B) does not constitute a valid a exception to the warrant requirement. *Id*. at *6-8. Regarding the remedy, the court determined that the federal and state exclusionary rules require that the blood test results be suppressed. *Id*. at *8-11.

## 1. The draw was reasonable under the Fourth Amendment.

The warrantless blood draw, conducted under Section 724.012(b)(3)(B), was reasonable under Fourth Amendment jurisprudence. Review should be granted because the same issue is pending on rehearing in *State v. Villarreal*, PD-0306-14, 2014 Tex. Crim. App. 1898 (Tex. Crim. App. Nov. 26, 2014) (reh'g granted Feb. 25, 2015), and in *Holidy v. State*, No. PD-0622-14 (granted Aug. 20, 2014; argued and submitted Jan. 14, 2015), *Reeder v. State*, No. PD-0601-14 (granted Aug. 20, 2014; argued and submitted Jan. 15, 2015), and *Douds v. State*, PD-0857-14 (granted Sept. 17, 2014; argued and submitted Mar. 18, 2015).[1]

---

[1] *Weems v. State*, No. PD-0635-14 (granted Aug. 20, 2014; argued and submitted Nov. 17, 2014), and *Cole v. State*, PD-0077-15 (granted Apr. 22, 2015), do not implicate the repeat-offender provision.

**2. Even if the Fourth Amendment was violated, the federal and state exclusionary rules do not require suppression because police relied on binding law authorizing the search at the time it was conducted.**

In *Cole*, PD-0077-15 (granted Apr. 22, 2015), this Court also granted review to decide whether the remedy of suppression under the federal and state (TEX. CODE CRIM. PROC. art. 38.23) exclusionary rules, which are intended to deter police misconduct, is appropriate when the blood draw was conducted pursuant to a presumptively valid statute and case law interpreting it. Therefore, for the reasons asserted in *Cole*, this Court should hold that the remedy of suppression is not warranted.

4

## PRAYER FOR RELIEF

WHEREFORE, the State of Texas prays that the Court of Criminal Appeals grant review and reverse the decision of the court of appeals.

Respectfully submitted,

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300


/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney
Bar I.D. No. 24031632


P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that according to the WordPerfect word count tool this document contains 357 words, exclusive of the items excepted by TEX. R. APP. P. 9.4(i)(1).

/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney

6

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the State's Petition for Discretionary Review has been served on August 5, 2015, via certified electronic service provider or email to:

Hon. Meagan White
Tom Green County District Attorney's Office
123 West Beauregard
San Angelo, Texas 76903
meagan.white@co.tom-green.tx.us

Hon. John E. Sutton
P.O. Box 871
San Angelo, Texas 76902
jsuttlaw@wcc.net

/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney

# APPENDIX



**MICHAEL D. HOWARD A/K/A MICHAEL DAVID HOWARD, Appellant v. THE STATE OF TEXAS, Appellee**

**NO. 01-14-00112-CR**

**COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON**

*2015 Tex. App. LEXIS 7635*

**July 23, 2015, Opinion Issued**

**NOTICE:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [*1] On Appeal from the 391st District Court, Tom Green County, Texas. Trial Court Case No. D-12-1004-SB.

**JUDGES:** Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

**OPINION BY:** Russell Lloyd

**OPINION**

**MEMORANDUM OPINION**

A jury convicted appellant Michael D. Howard a/k/a Michael David Howard of felony driving while intoxicated.[1] The trial court assessed his punishment at sixteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Howard contends that his conviction should be reversed because the trial court erred in denying his motion to suppress evidence relating to the warrantless blood draw. We reverse the trial court's judgment and remand for a new trial.[2]

1    *See* TEX. PENAL CODE ANN. §§ *12.42(a)*, *49.09(b)(2)* (West Supp. 2014) (third-degree felony enhanced by prior felony conviction, thereby elevating punishment range to that of second-degree felony).
2    This appeal, originally filed in the Third Court of Appeals, Austin, Texas, was transferred to the First Court of Appeals, Houston, Texas. *See* TEX. GOV'T CODE ANN. § *73.001* (West 2013) (authorizing transfer of cases).

**Background**

Howard was stopped for a traffic violation and was subsequently arrested for DWI. After Howard refused to provide [*2] a breath specimen, the arresting officer

transported him to a hospital where a warrantless blood draw was taken pursuant to *Texas Transportation Code section 724.012(b)(3)(B)*. See TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011). Howard filed a motion to suppress the blood analysis results, challenging the warrantless blood draw on Fourth Amendment grounds.[3]

> 3    Howard also argued that the warrantless blood draw violated the Texas Constitution. *TEX. CONST. art. I, §§ 9, 10*. We need not consider whether the warrantless blood draw violates the state constitution, however, because Howard did not separately brief his state and federal constitutional issues or argue that the Texas Constitution provides greater protection than the United States Constitution. *See Keehn v. State, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009)* (not reaching defendant's state constitutional issue regarding warrantless search because defendant did not brief state and federal constitutional issues separately); *Black v. State, 26 S.W.3d 895, 896 (Tex. Crim. App. 2000)* ("The [defendant] offers no reason for construing the Texas Constitution as conferring greater protection in this area of the law than the federal constitution, and therefore we will not address his state constitutional argument.").

At the pre-trial hearing on Howard's motion to suppress, Sergeant A. Scott testified that he assisted Officer H. Miller in obtaining **[*3]** Howard's blood specimen. Sergeant Scott testified that he remained at the scene to inventory Howard's vehicle after Howard was arrested and transported to the jail. The arresting officer, Officer Miller, called Sergeant Scott and informed him that Howard had two previous DWI convictions and had refused to provide a breath specimen. At that point, Sergeant Scott met Howard and Officers Miller and N. Anderson at the hospital where Sergeant Scott assisted the officers in conducting a mandatory blood draw. Although Howard had agreed to provide a blood specimen at the jail, he revoked his consent to the blood draw at the hospital. Sergeant Scott testified that the officers did not attempt to obtain a warrant because once Howard refused to provide a breath specimen at the jail they "had the mandatory blood draw in effect." Sergeant Scott testified that he believed that Howard's consent to the blood draw was irrelevant in light of the mandatory blood draw statute.

The trial court denied Howard's motion to suppress. In its findings of fact and conclusions of law, the trial court found that there was no testimony as to any exigent circumstances that required the drawing of a blood specimen from **[*4]** Howard without a search warrant and that the blood specimen obtained from Howard was "mandated by Chapter 724, Texas Transportation Code." The trial court also concluded that the warrantless blood draw was "authorized under the implied consent law of Chapter 724, Texas Transportation Code."

At trial, Officer Miller testified about the circumstances of the traffic stop that led to Howard's arrest and to his observations of Howard. Officer Miller testified that based on his observations, he believed that Howard was intoxicated.

Officer Anderson administered standardized field sobriety tests to Howard at the scene. Officer Anderson testified that although he was previously certified to administer such tests, his certification had lapsed as of the date of the arrest. He also

testified that all of the tests he administered to Howard were flawed in some respect. Although the court allowed Officers Miller and Anderson to testify regarding their observations of Howard, Officer Anderson was prohibited from opining about whether he believed that Howard was intoxicated based upon his performance on the field sobriety tests.

Dusky Wells, the medical technologist who drew Howard's blood specimen, **[*5]** and Marissa Silva, the forensic scientist with the Texas Department of Public Safety Laboratory in Midland who analyzed the blood specimen, also testified for the State. According to Silva, Howard's blood sample contained 0.198 grams of ethanol per 100 milliliters, which was over twice the legal limit in Texas.

**Warrantless Blood Draw**

Howard contends that the trial court erred in denying his motion to suppress the blood analysis results because the evidence resulted from a warrantless, non-consensual blood draw that violated the *Fourth Amendment*.

**A. Standard of Review and Applicable Law**

We review a trial court's denial of a motion to suppress evidence under a bifurcated standard of review. *Turrubiate v. State, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013)*. We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and we review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Gonzales v. State, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012)*. At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of the witnesses' credibility, and it may choose to believe or disbelieve all or any part of the witnesses' testimony. *Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002)*; *State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000)*.

When the trial **[*6]** court enters findings of fact, the appellate court considers all of the evidence in the record and "must determine whether the evidence supports those facts by viewing the evidence in favor of the trial court's ruling." *Castro v. State, 373 S.W.3d 159, 164 (Tex. App--San Antonio 2012, no pet.)* (citing *Keehn v. State, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009))*. Additionally, an appellate court must "uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case." *State v. Iduarte, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008)*.

A blood draw conducted at the direction of a law enforcement officer is a search subject to the reasonableness requirement of the *Fourth Amendment*. *Schmerber v. California, 384 U.S. 757, 767, 86 S. Ct. 1826, 1834, 16 L. Ed. 2d 908 (1966)*; *State v. Villarreal, No. PD-0306-14, 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178, at *9 (Tex. Crim. App. Nov. 26, 2014)* (reh'g granted). A warrantless search of a person is unreasonable unless it falls within a recognized exception to the warrant requirement. *Villarreal, 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178, at *8* (citing *Missouri v. McNeely, 133 S. Ct. 1552, 1558, 185 L. Ed. 2d 696 (2013))*; *see also Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 514, 19 L. Ed. 2d 576 (1967)* (holding that warrantless search or seizure is per se unreasonable unless it falls under recognized exception to warrant requirement). Voluntary consent to search and the existence of exigent circumstances are two of the recognized exceptions. *See*

*McNeely*, 133 S. Ct. at 1558; *Villarreal, 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178*, at *8.

## B. Mandatory Blood Draw/Implied Consent Statutes

The State argues that the trial court did not abuse its discretion in admitting the blood analysis results because the warrantless blood draw was mandated by *Transportation Code section 724.012(b)(3)(B)*, and alternatively, **[*7]** that Howard is deemed to have consented to the blood draw pursuant to *Transportation Code section 724.011(a)*. *See* TEX. TRANSP. CODE ANN. *§ 724.011(a)* (West 2011) (providing that person arrested for DWI "is deemed to have consented, subject to this chapter, to submit to the taking of one or more specimens of the person's breath or blood for analysis to determine the alcohol concentration"); *id. § 724.012(b)(3)(B)* (providing for mandatory-blood-specimen collection for person twice before convicted of DWI). We construe these arguments as asserting that the mandatory blood draw statute and the implied consent statute each constitute an exception to the *Fourth Amendment's* warrant requirement.

While this case has been pending on appeal, the Court of Criminal Appeals considered the question of whether a warrantless search of a DWI suspect's blood conducted pursuant to *section 724.012(b)* complied with the *Fourth Amendment. See Villarreal, 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178*, at *6-8. In doing so, the court rejected both arguments advanced by the State. Specifically, the court held that the mandatory blood draw statute (*§ 724.012(b)*) does not constitute a recognized exception to the warrant requirement. *See 2014 Tex. Crim. App. LEXIS 1898, [WL] at *8, 17-18; see also Perez v. State, No. 01-12-01001-CR, 2015* Tex. App. LEXIS 2492, 2015 WL 1245469, at *8 (Tex. App.--Houston [1st Dist.] Mar. 17, 2015, pet. filed). The Court of Appeals also rejected the argument that the implied consent statute (*§ 724.011(a)*) constitutes an exception to the warrant requirement and held that "in the context **[*8]** of a nonconsensual, warrantless bodily search of a person suspected of criminal activity, a statute providing for irrevocable implied consent cannot supply the type of voluntary consent necessary to establish an exception to the Fourth Amendment warrant requirement." *Villarreal, 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178*, at *14. The court concluded that "implied consent that has been withdrawn or revoked by a suspect cannot serve as a substitute for the free and voluntary consent that the *Fourth Amendment* requires." *2014 Tex. Crim. App. LEXIS 1898, [WL] at *11*. In this case, the State conceded at the suppression hearing that Howard revoked his consent to the blood draw at the hospital.

## C. Exclusionary Rule

The State further contends that even if the blood draw violated Howard's Fourth Amendment rights, the trial court was nevertheless correct in admitting the evidence because the state and federal exclusionary rules are inapplicable. Specifically, the State argues that there are applicable good-faith exceptions to the federal exclusionary rule and the Texas exclusionary rule does not apply because the police did not obtain the evidence in violation of the law, as the law existed at the time of the blood draw.

The State argues that the federal exclusionary rule does not bar admission of the evidence in this case because the officer relied **[*9]** in good faith on the mandatory blood draw statute and on binding judicial

precedent. *See Davis v. United States, 131 S. Ct. 2419, 2423-24, 2434, 180 L. Ed. 2d 285 (2011)* (stating that officer's good-faith reliance on binding case law is exception to federal exclusionary rule)*; Illinois v. Krull, 480 U.S. 340, 360, 107 S. Ct. 1160, 1172, 94 L. Ed. 2d 364 (1987)* (stating that officer's good-faith reliance on statute is exception to federal exclusionary rule).

The Texas exclusionary rule provides that "[n]o evidence obtained . . . in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." *TEX. CODE CRIM. PROC. art. 38.23* (West 2005). The Court of Criminal Appeals has previously held that "exceptions to the federal exclusionary rule only apply to the Texas statutory exclusionary rule if they are consistent with the plain language of the statute." *Douds v. State, 434 S.W.3d 842, 861 (Tex. App.--Houston [14th Dist.] 2014, pet. granted)*. Unlike the federal rule, the plain language of Texas's statutory exclusionary rule only expressly recognizes one good-faith exception and that is for "a law enforcement officer *acting in objective good faith reliance upon a warrant* issued by a neutral magistrate based on probable cause." *TEX. CODE CRIM. PROC. art. 38.23(b)* (emphasis added). Accordingly, we decline **[\*10]** to apply the federal good-faith exceptions urged by the State to the Texas exclusionary rule set forth in *Article 38.23* because the federal exceptions are not "consistent with the plain language of the [Texas] statute," which only recognizes one exception based on an officer's good-faith reliance upon a warrant. *See State v. Tercero, No. 01-14-00120-CR, 2015 Tex. App. LEXIS 3284, 2015 WL 1544519, at \*7 (Tex. App.--Houston [1st Dist.] Apr. 2, 2015, pet. filed)*

(declining to apply another federal good-faith exception to Texas exclusionary rule because federal exception was "inconsistent with the text of *article 38.23*"); *see also Weems v. State, 434 S.W.3d 655, 666 (Tex. App.--San Antonio 2014, pet. granted)* (rejecting argument that officer's good-faith reliance on mandatory blood draw and implied consent statutes constituted good-faith exception to *article 38.23*).

The State also argues that the Texas exclusionary rule is inapplicable because "[a]t the time of the blood draw, Texas case law clearly held that alcohol dissipation alone constituted exigent circumstances in DWI cases." According to the State, "*McNeely* changed the law when it rejected a per se exigency in DWI cases, but *McNeely* was issued after the search in this case." This court recently addressed a similar argument and concluded that *McNeely* did not set out a new constitutional rule, but rather clarified *Schmerber* and reaffirmed the Supreme Court's prior rulings regarding the admissibility **[\*11]** of blood evidence acquired without a warrant. *See Tercero, 2015 Tex. App. LEXIS 3284, 2015 WL 1544519, at \*7.*

**D. Harm Analysis**

We review the harm resulting from a trial court's erroneous denial of a motion to suppress and subsequent admission of evidence obtained in violation of the *Fourth Amendment* under the constitutional harmless-error standard. *TEX. R. APP. P. 44.2(a)*; *see Hernandez v. State, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001)* (mandating application of *rule 44.2(a)* to harm analysis of trial court's erroneous denial of motion to suppress under *Fourth Amendment*). This standard requires us to reverse the trial court's judgment of

conviction unless we determine "beyond a reasonable doubt that the error did not contribute to the conviction or punishment." *TEX. R. APP. P. 44.2(a)*.

Here, the jury charge instructed the jurors that "[a] person is deemed to be intoxicated within the meaning of the law when he does not have the normal use of his mental or physical faculties by reason of the introduction of alcohol in his body, or having an alcohol concentration of 0.08 or more." The State presented the testimony of Officers Miller and Anderson regarding Howard's conduct leading up to and following his arrest as evidence of intoxication. The State also presented the testimony of the medical technologist who took Howard's blood sample on the night he was arrested. **[*12]** Finally, the State presented the testimony of a forensic scientist who testified that Howard's blood sample contained 0.198 grams of ethanol per 100 milliliters and that this amount of alcohol was over twice the legal limit in Texas.

Given the testimony regarding the taking of Howard's blood sample and his toxicology results and the jury's instruction that intoxication means, in part, "having an alcohol concentration of 0.08 or more," we cannot determine beyond a reasonable doubt that the error did not contribute to Howard's conviction. *See Perez, 2015 Tex. App. LEXIS 2492, 2015 WL 1245469, at *9-10*; *Weems, 434 S.W.3d at 667*.

We conclude that the warrantless taking of Howard's blood sample in this case violated his Fourth Amendment rights by requiring him to submit to a blood test without a warrant or a recognized exception to the warrant requirement and that this error was harmful.

We sustain Howard's complaint that the trial court erred in denying his motion to suppress evidence relating to the warrantless blood draw.

## Conclusion

We reverse the trial court's judgment and remand for a new trial consistent with this opinion.

Russell Lloyd

Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. *TEX. R. APP. P. 47.2(b)*.